## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOONCHA KIM, | 1:24-cv-7485 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| NUZEE, INC., | |
| Defendant, | |
| and | |
| VSTOCK TRANSFER LLC, | |
| Third-Party Nominal Defendant. | |

Plaintiff, Mr. Sooncha Kim, by and through his attorneys, Feinstein Law, as and for his Complaint, respectfully shows and alleges as follows:

### I. CASE SUMMARY

This lawsuit arises from Corporate Defendant's breach of contract by failing to honor the terms and conditions of a Convertible Note and Warrant Purchase Agreement ("Agreement") and Convertible Promissory Note ("Note") entered into with Plaintiff. A true and correct copy of the Agreement and Note are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively. The Agreement and Note provided certain issuance of, and conversion rights in and to, the common stock of Corporate Defendant to Plaintiff; granted Plaintiff additional rights, such as to appoint a director to replace a current-seated Director; and set obligations on Corporate Defendant, such as to notify Plaintiff of subsequent financing and offering him the right to participate in subsequent financing, and to register his shares in any registration the it filed with the Securities and Exchange Commission. Corporate Defendant breached its obligations and interfered with Plaintiff's rights

by, among other breaches, failing to permit Plaintiff to appoint a Director; failure to notify Plaintiff of subsequent financing, thus robbing him of the right to participate in subsequent financing; registering shares with the Securities and Exchange Commission without including the Plaintiff; wasting corporate assets; and failing to timely convert the Note upon Plaintiff's request. Corporate Defendant knowingly breached its fiduciary obligations to Plaintiff, causing him significant and unquantifiable financial harm. Per the terms of the Note, Corporate Defendant's breaches each constitute an "Event of Default" and certain breaches constitute a "Material Adverse Effect" causing Plaintiff "irreparable harm", as those terms are defined therein. Ex. 2, Section 2. Therefore, per the terms of the Agreement and Note, Plaintiff is entitled to monetary relief and "all other available remedies, to specific performance and/or temporary, preliminary, and permanent injunctive or other equitable relief without the necessity of proving actual damages." Ex. 2, Section 2(c); *see also* Ex. 1, Section 7(a), (c).

## II. PARTIES

1.  Plaintiff SOONCHA KIM ("Plaintiff") is a citizen of the City of Tokyo in the country of Japan. He is not lawfully admitted for permanent residence in the United States or a citizen of the United States.

2.  Defendant NUZEE, INC. ("Corporate Defendant") is a coffee and tea manufacturing company organized and existing under the laws of the State of Nevada with its principle executive offices located at 2865 Scott Street, Suite 107, Vista, California, 92081.

3.  Third-Party Nominal Defendant VSTOCK TRANSFER LLC ("Third-Party Defendant") has been and remains a corporation organized and existing under the law of the State of California, upon reasonable belief and knowledge, with its corporate headquarters located at 18 Lafayette Place, Woodmere, New York 11598. Third-Party Defendant serves as Corporate

Defendant's transfer agent. Third-Party Defendant is only added to this Complaint as a nominal defendant for injunctive purposes, and no monetary damages are requested from it.

## III. JURISDICTION

4.      Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because Plaintiff has sued defendants under Section 10b of the Exchange Act (15 U.S.C. § 78j) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5). This Court may assert supplemental jurisdiction over all other state claims under 28 U.S.C. § 1367. This Court also has subject matter jurisdiction over the parties under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a foreign country and no other parties or their respective principals are citizens of a foreign country, and the amount in controversy exceeds $75,000 exclusive or pre- or post-judgment interest.

## IV. FACTUAL BACKGROUND

### Corporate Defendant Accepts Plaintiff's Investment
### Without First Entering Into A Written Agreement

5.      On or about April 17, 2024, Plaintiff transferred $320,000 to Corporate Defendant.

### The Convertible Note and Warrant Purchase Agreement, and The Convertible Note

6.      On or about June 6, 2024, Corporate Defendant made and entered into a Convertible Note and Warrant Purchase Agreement ("Agreement") with Plaintiff, as Investor, for the issuance of notes and warrants including conversion rights in and to the common stock of Corporate Defendant in the aggregate principal amount of $320,000. The Agreement was executed by Mr. Masateru Higashida, as CEO, and Plaintiff, as Investor. Ex. 1.

7.      On or about June 6, 2024, Corporate Defendant, as borrower, made, executed, and delivered to Plaintiff a Convertible Promissory Note (the "Note") in the amount of $320,000 providing for conversion rights in and to the common stock of Corporate Defendant, which was

issued pursuant to the aforementioned Agreement. The Note was executed by Mr. Higashida, as CEO. Ex. 2.

8.      In the Agreement and Note, Corporate Defendant agreed to: (a) issue Notes and Warrants to Plaintiff (Ex. 1 Section 1(a)-(c)); (b) a conversion price of $1.885 per share (Ex. 1, Section 1(a); Ex. 2, Section 3); and (c) to register each Note and Warrant in Plaintiff's name in Corporate Defendant's records (Ex. 1, Section 1(c)).

9.      In the Agreement and Note, Corporate Defendant granted Plaintiff the right to: (a) convert any or any part of the outstanding and unpaid principal amount of the Note into fully paid and non-assessable shares of the common stock of the corporation (Ex. 1, Sections 1(a)-(b), 3(b)-(c); Ex. 2, Section 3); (b) appoint an individual as a director to the Board, with Corporate Defendant simultaneously causing one its directors to resign (Ex. 1, Section 6(f)); and (c) the option to participate in subsequent financing  (Ex. 1, Sections 7-8).

10.      In the Agreement and Note, Corporate Defendant was prohibited from: (a) effectuating or entering into an agreement to effect an issuance without written consent of Plaintiff (Ex. 1, Section 7(a)); (b) enter into or publicly announce any plan, arrangement, or transaction without written consent of Plaintiff (Ex. 1, Section 7(b)); or (c) making an issuance of common stock which would cause an adjustment of the Notes' conversion price (Ex. 1, Section 7(c)).

11.      In the event Corporate Defendant fails to comply with Section 7(a) or (c) of the Agreement, injunctive relief and damages are permitted. Section 7(a) and (c) of the Agreement provide, in part, the following (emphasis added):

> **Each Investor shall be entitled to obtain injunctive relief against the Company to preclude any such issuance, which remedy shall be in addition to any right to collect damages.**

12.    Section 2 of the Note defines "Events of Default", which includes any "Material Adverse Effect". Section 2(b) of the Note states, in part, that in any Event of Default (emphasis added):

> **The Holder need not provide and the Company hereby waives any presentment, demand, protest or other notice of any kind, (other than required notice of conversion) and the Holder may immediately enforce any and all of its rights and remedies hereunder and all other remedies available to it under applicable law.**

### Events Subsequent to the Agreement and Note

13.    On or about June 7, 2024, Corporate Defendant entered into a share purchase agreement with Mr. Higashida where it sold all the issued and outstanding shares of its wholly-owned subsidiaries, NuZee KOREA Ltd. and NuZee Investment Co., Ltd., to Mr. Higashida for a purchase price of $10,000. A true and correct copy of Corporate Defendant's Form 8-K dated June 6, 2024 is attached hereto as **Exhibit 3.**

14.    On or about June 14, 2024, Corporate Defendant filed an S1 registration statement excluding Plaintiff.  A true and correct copy of Corporate Defendant's S1 dated June 14, 2024 is attached hereto as **Exhibit 4.**

15.    On or about June 17, 2024, Plaintiff requested to convert the Notes pursuant to Section 3 of the Note. A true and correct copy of Plaintiff's Conversion Notice is attached hereto as **Exhibit 5**.

16.    In response to Plaintiff's Notice of Conversion, Mr. Randy Weaver, then co-CEO of Corporate Defendant, responded via email stating, "**There were several reasons that you might want to wait.**" In further correspondence, instead of indicating he would comply with Plaintiff's Notice of Conversion, **Mr. Weaver stated he wished they "were closer to each other so I could express my appreciation in person, perhaps with a meal or a round of golf."** A true

and correct copy of the email exchanged is attached hereto as **Exhibit 6. Mr. Weaver and Corporate Defendant took no action to affect the conversion of debt into shares as instructed by Mr. Kim in accordance with the contract.**

17.     On or about July 11, 2024, Corporate Defendant entered into a securities purchase agreement with certain investors for the sale and issuance of 2,040,814 shares of common stock for an aggregate purchase price of $3,000,000. The transaction was closed on July 18, 2024. True and correct copies of Corporate Defendant's Form 8-Ks dated July 11, 2024 and July 18, 2024 are attached hereto as, respectively, **Exhibit 7** and **Exhibit 8.**

18.     On or about July 24, 2024, Corporate Defendant entered into a convertible note purchase agreement with certain investors to issue and sell convertible notes in the aggregate principal amount of $300,000, at the discounted conversion price of $0.52. The transaction closed on July 26, 2024. A true and correct copy of Corporate Defendant's Form 8-K dated July 24, 2024 is attached hereto as **Exhibit 9.**

19.     On or about July 29, 2024, Plaintiff, through its designated counsel, served a Notice of Breach of Convertible Note and Warrant Purchase Agreement upon Corporate Defendant holding it in default for the reasons set forth therein and demanding, among other things, the prompt conversion of the Notes. A true and correct copy of the Notice of Breach is attached here to as **Exhibit 10.**

20.     On or about August 7, 2024, Corporate Defendant filed a Form 8-K referencing a press release announcing a change of senior management and adding new business. A true and correct copy of Corporate Defendant's Form 8-K dated August 7, 2024, as well as the attached press release, is attached hereto as **Exhibit 11.**

21.     On or about August 9, 2024, Corporate Defendant filed a second S1 registration statement excluding Plaintiff.  A true and correct copy of Corporate Defendant's S1 dated August 9, 2024 is attached hereto as **Exhibit 12.**

22.     On or about August 20, 2024, Corporate Defendant filed a Form 8-K referencing a press release mentioning an April 27, 2024 convertible note and stating that on June 12, 2024, the investors exercised the conversion option and shares were converted. A true and correct copy of Corporate Defendant's Form 8-K dated August 20, 2024, as well as the attached press release, is attached hereto as **Exhibit 13.**

23.     On or about August 20, 2024, Corporate Defendant entered into a second convertible note purchase agreement with certain investors to issue and sell convertible notes in the aggregate principal amount of $1,300,000, at the discounted conversion price of $0.94. A true and correct copy of Corporate Defendant's Form 8-K dated August 20, 2024 is attached hereto as **Exhibit 14.**

24.     On or about September 6, 2024, in relation to the August 20, 2024 convertible note purchase agreement, Corporate Defendant issued two notes with principals amounts of $300,000 and $450,000 separately to two non-U.S. investors. In the Form 8-K, Corporate Defendant stated it expected to close sale of the remaining note with a principal amount of $550,000 in due course. A true and correct copy of Corporate Defendant's Form 8-K dated September 6, 2024 is attached hereto as **Exhibit 15.**

25.     On or about September 10, 2024, in relation to the August 20, 2024 convertible note purchase agreement, Corporate Defendant issued a note with a principal amounts of $550,000 to a non-U.S. investor. A true and correct copy of Corporate Defendant's Form 8-K dated September 10, 2024 is attached hereto as **Exhibit 16.**

26.     At all times relevant herein, there existed in imbalance of power between Plaintiff and Corporate Defendant. Plaintiff is eighty (80) years of age and from Japan. His native language is Japanese. He speaks limited English and his reading and writing capabilities in English are limited. He is a proud man, but an unsophisticated investor in U.S. publicly traded entities. Corporate Defendant did not provide Plaintiff with legally binding documents in his native Japanese and took advantage of Plaintiff's trust to invest.

27.     At all times relevant herein, there were and remain valid and binding contractual obligations owed by Corporate Defendant to Plaintiff pursuant to the Agreement and Note, and Corporate Defendant was at all times fully aware of the existence of these contractual obligations and of the Agreement and Note.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 1(b) - FAILURE TO ISSUE WARRANT (AS TO CORPORATE DEFENDANT)

28.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-27 of this Complaint and with the same force and effect as if fully set forth at length herein.

29.     Corporate Defendant breached its contractual obligations by failing to issue Plaintiff a Warrant for the Purchase of Common Stock per Section 1(b) of the Agreement. This breach constitutes an "Event of Default", as that term is defined in the Note.

30.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to issue a Warrant per Section 1(b) of the agreement, thereby honoring his warrant rights.

*{Remainder of page intentionally left blank}*

**SECOND CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 1(c) -
EXCLUSION FROM S1 REGISTRATION STATEMENT
(AS TO CORPORATE DEFENDANT)**

31.    Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-30 of this Complaint and with the same force and effect as if fully set forth at length herein.

32.    Corporate Defendant breached its contractual obligations by failing to include Plaintiff on the S1 registration statement pursuant to Section 1(c) of the Agreement, infringing upon his registration rights under terms designed to protect Plaintiff's right to have his securities registered. This breach constitutes an "Event of Default", as that term is defined in the Note.

33.    By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to amend it S1 registration statement to include Plaintiff's securities, thereby honoring his registration rights.

**THIRD CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 4(f)(iv) –
FAILURE TO DELIVER THE REGISTRATION RIGHTS AGREEMENT
(AS TO CORPORATE DEFENDANT)**

34.    Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-33 of this Complaint and with the same force and effect as if fully set forth at length herein.

35.    Corporate Defendant breached its contractual obligations by failing to deliver the Registration Rights Agreement to Plaintiff, despite repeated requests, constituting a blatant breach of the Agreement. This breach constitutes an "Event of Default", as that term is defined in the Note.

36.    By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to provide Plaintiff the Registration Rights Agreement.

*{Remainder of page intentionally left blank}*

**FOURTH CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 6(f) –
FAILURE TO APPOINT DESIGNATED DIRECTOR
(AS TO CORPORATE DEFENDANT)**

37.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-36 of this Complaint and with the same force and effect as if fully set forth at length herein.

38.     Corporate Defendant breached its contractual obligations by failing to, upon the receipt of the purchase price, cause one of its directors to resign and elect a new director designated by Plaintiff. Moreover, Plaintiff has not since been informed or involved in any such directorship choice, violating his rights under the Agreement. These breaches constitute "Events of Default", as that term is defined in the Note.

39.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to cause one of its directors to resign and appoint a new member of the Board of Directors as designated by Plaintiff.

**FIFTH CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 7 –
SUBSEQUENT FINANCING WITHOUT PLAINTIFF'S CONSENT
(AS TO CORPORATE DEFENDANT)**

40.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-39 of this Complaint and with the same force and effect as if fully set forth at length herein.

41.     Corporate Defendant breached its contractual obligations by entering into subsequent financing through securities purchase agreements for the sale and issuance of shares of common stock, and by entering into convertible note purchase agreements to issue and sell convertible notes, all without notifying Plaintiff or obtaining his written consent as required by the Agreement. These breaches constitute "Events of Default", as that term is defined in the Note.

42.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to cease effecting or entering into any agreements to effect any issuance by Corporate

Defendant or its Subsidiaries of "Common Stock" or "Common Stock Equivalents", as those terms are defined in the Agreement, without the prior written consent of Plaintiff.

43.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to provide a comprehensive disclosure of such agreements effectuated or entered into by Corporate Defendant on or after June 6, 2024, including but not limited to those referenced within this Complaint.

### SIXTH CAUSE OF ACTION: BREACH OF AGREEMENT SECTION 8 – FAILURE TO HONOR 50% PARTICIPATION RIGHT IN SUBSEQUENT FINANCING OPPORTUNITIES (AS TO CORPORATE DEFENDANT)

44.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-43 of this Complaint and with the same force and effect as if fully set forth at length herein.

45.     Corporate Defendant breached its contractual obligations by failing to notify Plaintiff of subsequent financing opportunities, for which Plaintiff bore the right to participate in up to 50% on the same terms, conditions, and prices as provided in the financing. By failing to notify Plaintiff as required, Corporate Defendant denied Plaintiff his rightful participation. These breaches constitute "Events of Default", as that term is defined in the Note.

46.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to provide Plaintiff the opportunity to participate in up to 50% of any financings that occurred on or after June 6, 2024, including but not limited to the financing transactions referenced in this Complaint, and rectify any financial harm caused by the exclusion from these opportunities.

### SEVENTH CAUSE OF ACTION: BREACH OF NOTE SECTION 3 – FAILURE TO ABIDE BY CONVERSION INSTRUCTION AND UNJUSTIFIABLY DELAYING THE CONVERSION (AS TO CORPORATE DEFENDANT AND THIRD-PARTY DEFENDANT)

47.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-46 of this Complaint and with the same force and effect as if fully set forth at length herein.

48.     Corporate Defendant breached its contractual obligations by failing to honor Plaintiff's June 17, 2024 duly executed conversion instruction and engaging in unjustifiable delays in the conversion of Plaintiff's notes, causing Plaintiff significant financial harm. This breach constitutes an "Event of Default", as that term is defined in the Note.

49.     By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant and Third-Party Defendant to execute Plaintiff's notes immediately, per Plaintiff's Notice of Conversion, at the conversion price of $1.885 per the Agreement and Note.

50.     As a direct result of Defendants' defaults and their failure to abide by their contractual obligations, Plaintiff has been deprived of, and continues to be deprived of, the opportunity to acquire and dispose of the common stock of Corporate Defendant.

51.     Based on the foregoing, Plaintiff is entitled to a judgment against Corporate Defendant in an amount to be determined by the Court and equal to the lost profits that Plaintiff would have realized had the stock been made available and delivered to Plaintiff in a timely manner after Plaintiff's Notice of Conversion in accordance with the Agreement and Note.

### EIGTH CAUSE OF ACTION: BREACH OF NOTE SECTION 2 – EVENTS OF DEFAULT (AS TO CORPORATE DEFENDANT AND THIRD-PARTY DEFENDANT)

52.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-51 of this Complaint and with the same force and effect as if fully set forth at length herein.

53.     Corporate Defendant breached its contractual obligations by engaging in several Events of Default under the Note. Specifically:

    a.     In violation of Section 2(a)(i), Corporate Defendant failed to pay Plaintiff the amount due on the Note per Plaintiff's conversion request under Section 3(b)(i) of the Note. *See* Ex. 2.

b.      In violation of Section 2(a)(v), Corporate Defendant failed to cure a "Conversion Failure" within the time specified of the "Conversion Date", as those terms are defined in Section 3(b) of the Note. *See* Ex. 2.

c.      In violation of Section 2(a)(vi), Corporate Defendant failed to deliver the required number of "Common Stock" to Plaintiff within the time specified of the "Share Delivery Date", as those terms are defined in Section 3(b) of the Note. *See* Ex. 2.

d.      In violation of Section 2(a)(ix), Corporate Defendant made incorrect representations and warranties in connection with the Agreement and Note, each a "Transaction Document" as defined in the Note. *See* Ex. 2.

e.      In violation of Section 2(a)(x), Corporate Defendant has effectively failed to ensure the Agreement and Note remain in full force and effect, has contested in writing the validity and enforceability of the provisions of the Agreement and Note, and has denied in writing that they have any further liability or obligation under the Agreement and Note. *See* Ex. 2; Ex. 6.

f.      In violation of Section 2(a)(xiii), Corporate Defendant failed to observe or perform, or committed acts of breach of default, of other agreements, warranties, and provisions of the Agreement and Note that were not cured or remedied within five (5) days. Specifically: Corporate Defendant has violated Sections 1(b), 1(c), 4(f)(iv), 6(f), 7, and 8 of the Agreement, and Section 3 of the Note. *See,* respectively, FIRST through SEVENTH counts, *supra*; Ex. 2.

g.      In violation of Section 2(a)(xv), the following Material Adverse Effects have occurred: waste of assets through the sale of two subsidiaries for $10,000, a price that severely undervalued the fair market value of the subsidiaries. *See* Ex. 3.

54.      By reason of the foregoing, Plaintiff is entitled to a judgment against Corporate Defendant in the full unpaid Principal amount of the Note, $320,000, together with interest and other amounts owing in respect thereof to the date of acceleration, per Section 2(b) of the Note. *See* Ex. 2.

55.      By reason of the foregoing, Plaintiff is entitled to a judgment of specific enforcement to convert the Note against Corporate Defendant and Third-Party Defendant, per Section 2(b) of the Note. *See* Ex. 2.

## NINTH CAUSE OF ACTION: UNAUTHORIZED DILUTIONS
## (AS TO CORPORATE DEFENDANT AND THIRD-PARTY DEFENDANT)

56.      Plaintiff alleges each and every allegation contained in paragraphs 1-55 of this Complaint and with the same force and effect as if fully set forth at length herein.

57.      Corporate Defendant breached its contractual obligations by undertaking substantial share dilutions by entering into subsequent financing, including but not limited to those referenced in this Complaint.

58.      By reason of the foregoing, Plaintiff demands injunctive relief ordering Corporate Defendant to cease any further actions that may dilute the share value of the common stock of Corporate Defendant, and to provide a comprehensive disclosure of all recent dilutions, including but not limited to those referenced in this Complaint.

59.      By reason of the foregoing, Plaintiff demands injunctive relief ordering Third-Party Defendant, the transfer agent, from further issuance of shares of Corporate Defendant and to freeze the corporate register of Corporate Defendant in order to avoid further dilutions.

## <u>TENTH CAUSE OF ACTION: VIOLATION OF RULE 10b-5</u>
## <u>(AS TO CORPORATE DEFENDANT)</u>

60.    Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-59 of this Complaint and with the same force and effect as if fully set forth at length herein.

61.    Corporate Defendant violated Rule 10-b, 17 U.S.C. § 240.10b-5's fraudulent scheme and artifice to defraud prohibitions.

62.    Corporate Defendant employed a scheme to defraud Plaintiff: step one was to accept his money without any written agreement in place; step two was to delay the entrance into a written agreement thus depriving Plaintiff of interest on his investment; step three was to make false incentives, promises, and guarantees to induce Plaintiff to sign agreements it never intended to honor; and step four was to dishonor the agreements it entered into with Plaintiff.

63.    Corporate Defendant abused Plaintiff's trust and confidence.

64.    Plaintiff made an investment in the aggregate of amount of $320,000 in Corporate Defendant, none of which has been recovered through the conversion process as stated herein.

65.    Plaintiff's willingness to assent to the terms of the investment of the Note, and the investment itself, was caused by the fraudulent misrepresentations of Corporate Defendant, including but not limited to the representations that Corporate Defendant would timely provide the required documents, allow Plaintiff to exercise his rights to select a new director, and would permit and facilitate the conversion of the Note into shares of common stock of Corporate Defendant at Plaintiff's election. But for these misrepresentations, Plaintiff would not have provided cash to Corporate Defendant or entered into the Agreement and Note.

66.    Upon information and belief, Corporate Defendant acted in concert and based upon a conspiracy between it and Mr. Weaver made the foregoing representations with the knowledge that Corporate Defendant would not honor any of its obligations under the Agreement and Note.

67.     Plaintiff has been irreparably damaged by Corporate Defendant's misconduct.

68.     Defendants' conduct was fraudulent, oppressive, and/or recklessly committed with scienter, to induce Plaintiff to invest in the Note.

69.     Based on the foregoing, Plaintiff is entitled to a judgment in an amount to be determined by the Court but no less than $320,000 representing the unpaid balance of the Note.

## ELEVENTH CAUSE OF ACTION: FRAUD/FRAUDULENT INDUCEMENT (AS TO CORPORATE DEFENDANT)

70.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-69 of this Complaint and with the same force and effect as if fully set forth at length herein.

71.     Corporate Defendant employed a scheme to defraud Plaintiff: step one was to accept his money without any written agreement in place; step two was to delay the entrance into a written agreement thus depriving Plaintiff of interest on his investment; step three was to make false incentives, promises, and guarantees to induce Plaintiff to sign agreements it never intended to honor; and step four was to dishonor the agreements it entered into with Plaintiff.

72.     Corporate Defendant abused Plaintiff's trust and confidence.

73.     Plaintiff made an investment in the aggregate of amount of $320,000 in Corporate Defendant, none of which has been recovered through the conversion process as stated above.

74.     Plaintiff's willingness to assent to the terms of the investment of the Note, and the investment itself, was caused by the fraudulent misrepresentations of Corporate Defendant, including but not limited to the representations that Corporate Defendant would timely provide the required documents, allow Plaintiff to exercise his rights to select a new director, and would permit and facilitate the conversion of the Note into shares of common stock of Corporate Defendant at Plaintiff's election. But for these misrepresentations, Plaintiff would not have provided cash to Corporate Defendant or entered into the Agreement and Note.

75.    Upon information and belief, Corporate Defendant acted in concert and based upon a conspiracy between it and Mr. Weaver made the foregoing representations with the knowledge that Corporate Defendant would not honor any of its obligations under the Agreement and Note.

76.    To cover up their scheme, Corporate Defendant failed to notify Plaintiff of subsequent financings thus depriving him of the opportunity to invest further, nor did it provide Plaintiff notice of stock issuances or conversions as required under the Agreement and Note.

77.    Corporate Defendant knew apprising Plaintiff of the subsequent finances, stock issuances, and conversions would cause Plaintiff to exercise his right to participate in subsequent financing and/or request conversion.

78.    But for Corporate Defendant's misrepresentations and omissions, Plaintiff may have invested additional money or requested conversion.

79.    The fraud and deceit directly injured Plaintiff and caused him injury in the form of lost opportunities to invest further in Corporate Defendant and/or realize his gains upon conversion, loss of market value due to the dilutions of further stock issuances, and selling of two subsidiaries at a de minimis price.

80.    Based on the foregoing, Plaintiff is entitled to a judgment in an amount to be determined by the Court but no less than $320,000 representing the unpaid balance of the Note.

**<u>TWELFTH CAUSE OF ACTION:</u>**
**<u>INTENTIONAL INTERFERENCE WITH A  CONTRACT</u>**
**<u>(AS TO CORPORATE DEFENDANT)</u>**

81.    Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-80 of this Complaint and with the same force and effect as if fully set forth at length herein.

82.     Corporate Defendant and its agents, servants, and employees, including but not limited to Mr. Weaver, took affirmative steps as described herein to deliberately and purposefully cause Corporate Defendant to breach its financial obligations, and did so for its own benefit.

83.     All steps were taken by Corporate Defendant and its agents, servants, and employees, including but not limited to Mr. Weaver, without any legitimate basis or lawful excuse, such that it and they are liable to Plaintiff under the doctrine of intentional interference with contract.

84.     Based on the foregoing, Plaintiff is entitled to a judgment in an amount to be determined by the Court but no less than $320,000 representing the unpaid balance of the Note.

**THIRTEENTH CAUSE OF ACTION X: REMEDIES PER SECTION 2 OF THE NOTE – NO ADEQUATE REMEDY AT LAW (AS TO CORPORATE DEFENDANT AND THIRD-PARTY DEFENDANT)**

85.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-84 of this Complaint and with the same force and effect as if fully set forth at length herein.

86.     As stated in herein the Note provides for several situations, defined individually as an "Event of Default", that shall be material defaults under its terms and provisions.

87.     The conversion feature in loans made by Plaintiff to Corporate Defendant were at all times an essential condition of the transactions such that without such rights to convert into free trading stock in accordance with the loan documents, Plaintiff would not have made the loan. Accordingly, the Note provided in pertinent part, in Section 2, as follows (emphasis added):

(c) **The remedies provided in this Note shall be cumulative and in addition to all other remedies available under this Note and any of the other Transaction Documents at law or in equity (including a decree of specific performance and/or other injunctive relief), and nothing herein shall limit the Holder's right to pursue actual and consequential damages for any failure by the Company to comply with the terms of this Note. . . . In addition, the exercise of any right or remedy of the Holder at law or equity or under this Note or any of the documents shall**

**not be deemed to be an election of Holder's rights or remedies under such documents or at law or equity. . . . The Company acknowledges that a breach by it of its obligations hereunder will cause irreparable harm to the Holder and that the remedy at law for any such breach may be inadequate. The Company therefore agrees that, in the event of any such breach or threatened breach, the Holder shall be entitled, in addition to all other available remedies, to specific performance and/or temporary, preliminary, and permanent injunctive or other equitable relief from any court of competent jurisdiction in any such case without the necessity of proving actual damages and without posting a bond or other security. . . .**

88.    It is not possible to quantify the damages that have been sustained by Plaintiff based on Defendants' willful refusal to allow Plaintiff to exercise his conversion rights under the subject Note.

89.    The conversion price, per the Agreement and Note, is $1.885. Plaintiff would have received 170,152 shares of common stock. The highest value of the common stock since June 17, 2024 was on July 31, 2024, when it reached $8.00 per share. If Plaintiff sold that day at that price, he would have received $1,361,216 – a profit of $1,041,216. However, as it is unknown when Plaintiff would have sold, if at all at the point, it is impossible to determine how much money Plaintiff has lost out on or will lose out on.

90.    As part and parcel of its refusal to permit the conversion process to go forward, and the overt attempts to frustrate, hinder, and delay Plaintiff's conversion rights herein have and will result in irreparable harm for which there is no adequate remedy of law. By reason of the foregoing, at the time the Agreement and Note documents were executed, Corporate Defendant acknowledged and consented to injunctive releases as set forth above.

91.    By reason of the foregoing, Plaintiff seeks an Order of this Court for an affirmative injunction directing Corporate Defendant and all of Corporate Defendant's agents, servants, and employees, including Third-Party Defendant and/or its present and future transfer agents, to

specifically perform Corporate Defendant's obligations, and to process all Notices of Conversion issued by Plaintiff promptly and to issue the necessary shares requested in each conversation until the total obligations owed to Plaintiff are paid in full including all default amounts due under the Note. Additionally, Plaintiff requests the Court issue an injunction prohibiting Corporate Defendant and all of Corporate Defendant's agents, servants, and employees, including Third-Party Defendant and/or its present and future transfer agents, from issuing any further shares of stock whether common or preferred, so as not to dilute Plaintiff's conversion process, until such time as the obligations owed by Corporate Defendant to Plaintiff under the Note have been fully satisfied.

### FOURTEENTH CAUSE OF ACTION: ATTORNEY FEES' AND EXPENSES (AS TO CORPORATE DEFENDANT)

92.     Plaintiff repeats and alleges each and every allegation contained in paragraphs 1-91 of this Complaint and with the same force and effect as if fully set forth at length herein.

93.     The Note provides that Plaintiff, as "Holder" of the Note as defined therein, is entitled to recover all of its attorney fees' and expenses in the event of the hiring of an attorney to enforce or collect amounts due under the Note, both outside of an including any legal proceeding. The Note provides, in part, in Section 2(d)(emphasis added):

> If (a) this Note is placed in the hands of an attorney for collection or enforcement or is collected through any legal proceeding or the Holder otherwise takes action to collect amounts due under this Note or to enforce the provisions of this Note … then the Company **shall** pay the costs incurred by the Holder for such collection, enforcement, or action …. including, without limitation, attorneys' fees and disbursements."

94.     The Note provides that Plaintiff, as "Holder" of the Note as defined therein, is entitled to recover all of its fees, costs, and expenses, including attorneys' fees and expenses, in the event Corporate Defendant, being the "Company" as defined therein, fails to strictly comply with the Note. The Note provides, in Section 9 (emphasis added):

If the Company fails to strictly comply with the terms of the Note, then the Company **shall** reimburse the Holder promptly for all fees, cost and expenses, including, without limitation, attorneys' fees and expenses incurred by the Holder in action in connection with this Note, including without limitation, those incurred: (i) during any workout, attempted workout, and/or in connection with the rendering of legal advice as to the Holder's rights, remedies and obligations, (ii) collecting any sums which become due to the Holder, (iii) defending or prosecuting any proceeding or any counterclaim to any proceeding or appeal; or (iv) the protection, preservation or enforcement of any rights or remedies of the Holder.

95.    By reason of the foregoing, Plaintiff is entitled to a judgment for its reasonable fees, costs, and expenses, including without limitation attorneys' fees and expenses, incurred in his attempts to enforce and collect amounts due under the Agreement and Note, including but not limited to expenses incurred in this action.

WHEREFORE, Plaintiff demands judgment as follows:

(A)    For an amount of lost profits to be determined by the Court but in no event less than $1,041,216 together with applicable interest and other amounts owing in respect thereof on the Seventh and Thirteenth Cause of Action;

(B)    For $320,000 together with applicable interest and other amounts owing in respect thereof on the Eighth Cause of Action;

(C)    For $320,000 together with applicable interest and other amounts owing in respect thereof on the Tenth Cause of Action;

(D)    For $320,000 together with applicable interest and other amounts owing in respect thereof on the Eleventh Cause of Action;

(E)    For damages as determined by the Court, but in any case no less than $3,123,648 (three times the amount of loss profits of $1,041,216), together with applicable interest and other amounts owing in respect thereof on the Twelfth Cause of Action;

(F)     Awarding Plaintiff fees, cost, and expenses, including attorneys' fees and expenses on the Fourteenth Cause of Action;

(G)     For a judgment awarding specific performance of Corporate Defendant's contractual obligations under the Agreement and Note, and directing a mandatory injunction directing Corporate Defendant, its agents, servants, and employees, including Third-Party Defendant and/or Corporate Defendant's present and future transfer agent where appropriate to: (i) issue a Warrant per Section 1(b) of the Agreement in accordance with the First Cause of Action; (ii) amend its S1 registration statement to include Plaintiff's securities in accordance with the Second Cause of Action; (iii) deliver Plaintiff the Registration Rights Agreement in accordance with the Third Cause of Action; (iv) cause one of its directors to resign and appoint a new member of the Board of Directors as designated by Plaintiff in accordance with the Fourth Cause of Action; (v) cease effecting or entering into any agreements to effect any issuance by Corporate Defendant or its subsidiaries of Common Stock or Common Stock Equivalents until satisfaction of any judgment in accordance with the Fifth Cause of Action ; (vi) provide a comprehensive disclosure of such agreements effectuated or entered into by Corporate Defendant on or after June 6, 2024 in accordance with the Fifth Cause of Action; (viii) provide Plaintiff the opportunity to participate in up to 50% of any financings that occurred after June 6, 2024 and rectifying any financial harm caused by the exclusion from these opportunities in accordance with the Sixth Cause of Action; (ix) execute Plaintiff's conversion request by converting the Note into common stock at the conversion price of $1.885 in accordance with the Seventh and Eighth Causes of

Action; and (x) cease any further actions that may dilute the share value of the common stock of Corporate Defendant until satisfaction of any judgment and to provide a comprehensive disclosure of all recent dilutions in accordance with the Ninth Cause of Action; (xi) directing Third-Party Defendant, the transfer agent, from further issuance of shares of Corporate Defendant and to freeze the corporate register of Corporate Defendant until satisfaction of any judgment in accordance with the Ninth Cause of Action; (xii)  directing Third-Party Defendant, the transfer agent, to specifically perform Corporate Defendant's obligations as so ordered, including but not limited to processing all Notices of Conversion issued by Plaintiff and issuing the necessary shares requested in each conversion until the total obligations owed to Plaintiff are paid in full including all default amounts due under the Note in accordance with the Thirteenth Cause of Action; and (xii) prohibiting Corporate Defendant and all of Corporate Defendant's agent, servants, and employees, including Third-Party Defendant and/or Corporate Defendant's present and future transfer agent where appropriate, from issuing any further shares of stock whether common or preferred until such time as the obligations owed by Corporate Defendant to Plaintiff under the Note have been fully satisfied in accordance with the Thirteenth Cause of Action; and

(H)   Together with the costs and disbursements of this action, pre-judgment interest, default interest, and such other and further relief as the Court may deem just and proper.

*{Remainder of page intentionally left blank}*

Dated:  Tarrytown, New York
        October 2, 2024

FEINSTEIN LAW, P.C.


By: /s/ *Todd Feinstein*
Todd Feinstein, Esq.
Feinstein Law, P.C.
1710 Doe Run Rd.
Sequim, Washington 98382
619-990-7491
todd@feinsteinlawfirm.com
*Attorneys for Plaintiff, Pro Hac Vice*


THE LAW OFFICES OF KAREN L. BERNSTEIN, PLLC


By: /s/ *Karen L. Bernstein*
Karen L. Bernstein, Esq.
The Law Offices of Karen L. Bernstein, PLLC
80 Church Street, Unit 5B
Tarrytown, New York 10591
914-374-3110
karen.kblaw@gmail.com
*Attorneys for Plaintiff, Local Counsel*


Defendant's Addresses:

NuZee, Inc.
2865 Scott Street, Suite 107
Vista, California 92081

Vstock Transfer, LLC
18 Lafayette Place
Woodmere, NY 11598