UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SOONCHA KIM,

                                Plaintiff,

    -against-

CIMG INC.,

                                Defendant,

    and

VSTOCK TRANSFER LLC,
                     Third-Party Defendant.
------------------------------------------------------------- x

**OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

24 Civ. 7485 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff moves for a preliminary injunction to prevent Defendant from (i) effecting or entering into any agreement with a third party under various provisions of the parties' Convertible Note and Warrant Purchase Agreement (the "Agreement"); (ii) issuing stock that would modify the conversion price of Plaintiff's convertible promissory note (the "Note"); (iii) engaging in activities that may dilute the share value of Defendant's common stock; and (iv) selling, gifting, or disposing of assets that may be used to satisfy a judgment, while also directing the Third-Party Defendant to (v) refrain from any further issuance of Defendant's shares; and (vi) freeze Defendant's corporate register. However, Plaintiff has not met his burden to show, absent a preliminary injunction, that he will suffer irreparable harm, and I deny his motion.

## BACKGROUND

    Defendant CIMG Inc. is a coffee and tea manufacturing company. Compl. ¶ 2. Plaintiff alleges that he agreed to invest in Defendant, and transferred $320,000 to Defendant without a written agreement. *Id.* at ¶ 5. Subsequently, the parties executed the Agreement for the issuance of notes and warrants, and Defendant delivered to Plaintiff the Note in the amount of $320,000,

1

convertible at a certain price into stock. *Id.* at ¶¶ 6-7. Both the Note and Agreement were signed on behalf of Defendant by Masateru Higashida, Defendant's CEO at the time. ECF No. 1-2, at 15; ECF No. 1-3, at 14. Defendant granted Plaintiff the rights to (i) convert the Note's unpaid principal into common stock, (ii) and appoint a director on Defendant's board, as well as (iii) the option to participate in subsequent financings. Compl. at ¶ 9. And Defendant agreed to refrain from (i) issuing common stock without Plaintiff's written consent; (ii) entering into, or announcing, any agreement, plan, arrangement, or transaction without Plaintiff's written consent; or (iii) issuing common stock which could cause an adjustment of the Note's conversion price. *Id.* at ¶ 10.

On October 3, 2024, Plaintiff filed suit, alleging that Defendant breached its contractual obligations and violated federal securities law. ECF No. 1. Specifically, Plaintiff avers that Defendant, *inter alia*, (i) failed to honor his requests to convert the Note into stock; (ii) effected the issuance of common stock without his consent, which caused an adjustment in the Note's conversion price; (iii) did not notify him of opportunities to invest in subsequent financings; and (iv) omitted him from registration statements and a share purchase agreement. *Id.*

Defendant filed its answer on December 3, 2024, denying Plaintiff's allegations, and pleading that Higashida did not have actual authority to execute the Note and Agreement on behalf of Defendant since the documents lacked board approval. ECF No. 20. On January 8, 2025, Plaintiff filed this motion for a preliminary injunction. ECF No. 26.

**LEGAL STANDARD**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted) (emphasis in original). To obtain a preliminary injunction, a plaintiff must establish that (i) he is likely to succeed on the merits; (ii) he is likely to suffer irreparable harm in the absence of a preliminary injunction; (iii) the balance

2

of the equities tips in favor of an injunction; and (iv) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies" and "must be used with great care." *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir. 1986) (citation omitted).

## DISCUSSION

Defendant contends that a preliminary injunction is not warranted here. I agree, for Plaintiff has failed to show "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Irreparable harm being absent, there is no need for a hearing to evaluate the merits of the action.

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). To satisfy this requirement, a plaintiff must demonstrate that absent a preliminary injunction, he "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quotations omitted). "Irreparable injury is one that cannot be redressed through a monetary award," and thus, where "money damages are adequate compensation a preliminary injunction should not issue." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).

Here, monetary damages can be ascertained and calculated to a sum certain as of a date certain. *See Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 825 (2d Cir. 1990). Money damages are available for breach of a convertible note agreement. *Alpha Capital Anstalt v. ShiftPixy, Inc.*, 432 F. Supp. 3d 326, 339 (S.D.N.Y. 2019). CIMG is a publicly traded stock, and damages incurred by breach of a convertible note agreement are ascertainable. *See, e.g., EMA Fin., LLC v. AIM Exploration, Inc.*, 18 Civ. 145 (ER), 2019 U.S. Dist. LEXIS 26141, at *31

3

(S.D.N.Y. Feb. 19, 2019); *LG Capital Funding, LLC v. PositiveID Corp.*, 17 Civ. 1297, 2017 U.S. Dist. LEXIS 89915, at *17-*18 (E.D.N.Y. June 9, 2017); *Laurus Master Fund, Ltd. v. Valcom, Inc.*, 02 Civ. 1480 (WK), 2002 U.S. Dist. LEXIS 4631, at *7-*8 (S.D.N.Y. March 18, 2002).

Plaintiff's argument as to irreparable harm is further undermined by its delay in bringing this action. "[I]t is well-established that a court must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 222 (S.D.N.Y. 2019) (citation omitted). "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Here, Plaintiff moved for a preliminary injunction more than three months after filing this case, and only after settlement talks with Defendant fell through. *See Richard A. Leslie Co. v. Birdie, LLC*, 07 Civ. 5933 (LAK), 2007 U.S. Dist. LEXIS 88437, at *5 (S.D.N.Y. Nov. 26, 2007) (three-month delay in moving for preliminary injunction was sufficiently long, in and of itself, to warrant denial).

Finally, Plaintiff points to language in the Agreement providing that "[Defendant] acknowledges that a breach by it of its obligations hereunder will cause irreparable harm to the [Plaintiff] and that the remedy at law for any such breach may be inadequate." ECF No. 1-2, at 21. But such a contractual provision is not dispositive in showing irreparable harm, and is insufficient, by itself, to satisfy the movant's burden. *Int'l Creative Mgmt. v. Abate*, 07 Civ. 1979 (PKL), 2007 U.S. Dist. LEXIS 22964, at *19 (S.D.N.Y. Mar. 28, 2007); *see also Baker's Aid v. Hussmann Foodservice Co.*, 830 F.2d 13, 16 (2d Cir. 1987) (affirming denial of preliminary injunction in spite of contractual provision "declaring money damages inadequate in the event of a breach"). Moreover, in a similar case involving a near-identical contractual provision, the court

4

held that "the parties did not agree that a remedy at law, such as damages, necessarily would be an inadequate remedy; rather, they agreed only that it 'may be' inadequate," and thus, "this contractual language is not dispositive of the question whether injunctive relief should issue." *Alpha Capital Anstalt*, 432 F. Supp. 3d at 338-39. Here, while I have afforded consideration to this contractual provision, *see Markovits v. Venture Info Capital, Inc.*, 129 F. Supp. 2d 647, 661 (S.D.N.Y. 2001), I hold that the Plaintiff has not met his burden of showing that irreparable harm will result absent the issuance of a preliminary injunction. Accordingly, I need not address the remaining requirements and contentions. *Vargas v. Viacom Int'l, Inc.*, 366 F. Supp. 3d 578, 584 (S.D.N.Y. 2019).

## CONCLUSION

I deny Plaintiff's motion for a preliminary injunction. I also deny Plaintiff's request for attorney's fees in drafting a reply brief.[1] As previously scheduled, the parties shall appear for a status conference on February 28, 2025 at 10:00 a.m. *See* ECF No. 33.

The Clerk of Court shall terminate the pending motion at ECF No. 26.

SO ORDERED.

Dated:   February 12, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] In requesting attorney's fees for preparing its reply brief, Plaintiff cites to a New York regulation that does not govern practice in federal court. Regardless of the citation, Plaintiff's request to this end is baseless and denied.

5