IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

SOONCHA KIM,

                              Plaintiff,     Case No. 1:24-cv-07485 (AHK)

-against-

CIMG, INC.,

                              Defendant,

and

VSTOCK TRANSFER, LLC,

                              Third-Party Nominal Defendant.

----------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

      WHEREAS, the parties to the above-captioned action (this "Action") recognize that during discovery proceedings it may be necessary to disclose certain confidential, proprietary, or sensitive information;

      WHEREAS, the parties desire to protect the confidentiality of such information pursuant to Federal Rule of Civil Procedure 26(c), the Local Rules of the Southern District of New York, and applicable New York State law governing confidentiality and trade secrets (see, e.g., N.Y. C.P.L.R. § 3103(a));

      WHEREAS, the parties have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, through their respective counsel, subject to approval by the Court, as follows:

1.     Application.

      The restrictions and procedures contained within this Confidentiality Stipulation and Protective Order (the "Stipulation and Order") shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this Action.

2. Definitions.

For the purposes of this Stipulation and Order:

a. **"Confidential Information"** means any non-public, proprietary, business, commercial, financial, or personal information or documents that the Producing Party and/or Designating Party reasonably and in good faith believes contains or reflects trade secrets or other confidential or private information protected under applicable law, including but not limited to Fed. R. Civ. P. 26(c)(1)(G), 5 U.S.C. § 552(b)(4), or N.Y. C.P.L.R. § 3103.

b. **"Designating Party"** means any party or non-party who designates documents, information, or testimony as "Confidential."

c. **"Producing Party"** means any party that provides Confidential Information.

d. **"Receiving Party"** means any party who receives Confidential Information.

e. **"Requesting Party"** means any party that initiates a discovery request in this Action, seeking disclosure of responsive evidence in the custody of a Producing Party.

3. Designation of Confidential Information.

a. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is Confidential Information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

b. Information and documents designated "CONFIDENTIAL" shall be done so at the time of production, or in the case of deposition testimony, by designating it as such on the record or in writing within 30 days of receiving the final transcript.

4. Use and Disclosure of Confidential Information.

a. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

b. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

c. Documents and Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    i. the parties to this Action and their counsel, including in-house counsel;

2

      ii. employees of such counsel assigned to and necessary to assist in the litigation;
      iii. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
      iv. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);
      v. any other person(s) whom counsel believes, in good faith, disclosure is necessary for the purpose of conducting additional discovery in this matter, or as necessary for preparation of the case for trial; and
      vi. any other person with prior written consent of the Designating Party or by order of the Court.

    d. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      i. inform the person of the confidential nature of the information or documents;
      ii. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and
      iii. for persons fitting the descriptions in categories 4(c)(iii), (v), and/or (vi), require each such person to sign an agreement to be bound by this Stipulation and Order in the form attached as Exhibit A.

5. Challenges to Confidentiality Designations.

A Receiving Party may challenge the designation of material as "CONFIDENTIAL" by providing written notice to the Designating Party. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

6. Return or Destruction of Confidential Information.

At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

7. Subpoena or Court Order.

Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

3

8. Miscellaneous.

   a. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.

   b. Each party reserves the right to object to the use or admissibility of the Confidential Information in this Action.

   c. Nothing in this Stipulation and Order shall limit any party's right to object to discovery under applicable law.

   d. This Stipulation and Order shall not prevent any party from seeking further relief from the Court to amend or supplement the terms of this Order.

   e. The Court retains jurisdiction to enforce this Protective Order after the conclusion of the litigation.

9. Waiver; Failure to Designate "CONFIDENTIAL."

The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Personally Identifying Information ("PPI").

Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11. Attorney-Client Privilege and Work Product.

   a. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   b. In the case of inadvertent disclosure, upon receipt of a written request for return by the Producing Party, the Receiving Party shall: (a) return the original and all copies

4

of the documents within four (4) calendar days of the request and shall not use the information for any purpose; or (b) object to the request as described herein. In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the document or information is otherwise privileged or protected from discovery. All materials related to the produced document or information, and motion, shall be treated as Attorneys' Eyes Only until ruled upon by the Court. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

12. Filing Under Seal.

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. Effective Date; Binding Effect.

This Stipulation and Order shall become effective upon execution by at least one (1) counsel for each party, and shall be binding on all parties to this Action, including their successors and assigns.

SO STIPULATED AND AGREED.

Dated: New York, New York
June 2, 2025

/s/ Karen L. Bernstein

Karen L. Bernstein, Esq.
Counsel for Plaintiff

Andrew B. Zinman

Andrew B. Zinman, Esq.
Counsel for Defendant

/s/ Todd Feinstein

Todd Feinstein, Esq.
Counsel for Plaintiff

Wynee Ngo

Wynee Ngo, Esq.
Counsel for Defendant

SO ORDERED: 6-4-25

HON. ALVIN K. HELLERSTEIN
United States District Judge

5

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Sooncha Kim v. CIMG, Inc., Case No. 1:24-cv-07485 (AHK), filed in the United States District Court for the Southern District of New York, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 2025

_____        _____
Name (printed)                                              Signature

Signed in the presence of:

_____
(Attorney)